Cassie Peters Jr.
12704 South 175th Drive
Goodyear, AZ 85338-5867
Phone: 602, 300-9139
E-mail: cpetersjr99@yahoo.com
*Plaintiff Pro Se*

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 2 6 2023
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassie Peters Jr., <br><br> Plaintiff, <br><br> vs. <br><br> **State of Arizona**, and **Thomas A. Torres**, in his official capacity as State Forester, <br><br> Defendants. | CV23-02691-PHX-JJT <br><br> Case No. 2:23 CV <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Cassie Peters Jr. (hereinafter referred to as "Peters" or the "Plaintiff"), appearing and proceeding pro se, files this Complaint and Demand for Jury Trial against the Defendants, the State of Arizona, and Thomas A. Torres, in his official capacity as State Forester, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a) and 38(a & b):

### 1. Plaintiff's Three Claims

COUNT ONE: 42 U.S.C. 2000e-2(a): Title VII violation -Employment discrimination on the basis of race (against the State)

COUNT TWO: 29 U.S.C. 207(A): Fair Labor Standards Act ("FLSA") – failure to pay overtime wages (against the State)

ROBINSON MUELLER, PLLC
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

COUNT THREE: 42 U.S.C. 1983: Violation of Equal Protection clause of the Fourteenth Amendment – Failure to pay overtime wages based upon race and/or other impermissible basis violating equal protection clause (against Defendant Torres only, in his official capacity as State Forester)

## 2. Parties, Jurisdiction and Venue

**1.** Plaintiff **Cassie Peters Jr.**, is, and was at all times material to this Complaint:

(A) An adult male United States citizen whose race is African American/Black; and

(B) A resident of Maricopa County, Arizona; and

(C) An "employee" of Defendant State of Arizona ("State"), employed as the State Fire Marshal in the Arizona Department of Forestry and Fire Management, an agency or department of the State pursuant to A.R.S. 37-1381, as that term ("employee") is defined and used in 42 U.S.C. 2000e-(f) and 29 U.S.C. 203(e)(1) and referred to in 29 U.S.C. 207(a); and

(D) A "complaining party" as that term is used and defined in 42 U.S.C. 1981a(d)(1).

**2.** Defendant State of Arizona (the "State") is, and was at all times material to this Complaint:

(A) A body politic subject to the laws of the United States and the laws of the State of Arizona, and a "state" as defined by 29 U.S.C. 203(c) and

(B) The jural entity which created, governs and maintains the Arizona Department of Forestry and Fire Management (the "DFFM") pursuant to A.R.S. Title 37, Chapter 9 [A.R.S. 37-1301 et seq.]

(C) The employer of more than 500 persons; and

(D) The "employer" of Plaintiff Peters as that term is defined and used in 42 U.S.C. 2000e(b) and 29 U.S.C. 203(d)

**3.** The DFFM chief executive officer since January, 2023 has been Defendant Thomas A. Torres ("Torres" or the "State Forester"), appointed by the Governor and serving pursuant to A.R.S. 37-1301, A.R.S. 37-1302, and A.R.S. 37-1303. He is a Defendant herein in his official capacity as the State Forester, and the sole relief sought against him is prospective injunctive relief plus attorneys' fees (when Peters retains counsel for this action). Torres is and has been at all times material to this Complaint since his appointment in January, 2023:

(A) A resident of the State of Arizona; and

(B) The superior of Peters who serves as the State fire Marshal within the DSFFM; and

(C) Acting under "color of state law" as that term is used in 42 U.S.C. 1983 with respect to the denial of Peters' federally protected rights under Title VII, the FLSA, and the Fourteenth Amendment equal protection clause.

(D) Empowered to take any legally required corrective or remedial action(s) with respect to the compensation and wage and payroll practices of the DFFM.

**4.** This Court has subject matter jurisdiction for all three claims pled herein pursuant to 28 U.S.C. 1331 because all claims herein arise under the laws of the United States, and also pursuant to 28 U.S.C. 1343(a)(4) for Counts One and Three because these two claims seek relief for civil rights violations. This Court also has subject matter jurisdiction for Count One, the Plaintiff's Title VII race discrimination claim, pursuant to 42 U.S.C. 2000e-5(f)(1), and for Count Three as provided by 42 U.S.C. 1988(a).

**5.** Based upon the foregoing facts alleged herein, this Court is the correct venue for this action under 28 U.S.C. 1391(b).

### 3. Fact Allegations Supporting Claims

**6.** Peters was employed as a firefighter by the Phoenix Fire Department for 31 years, and served as an Assistant Fire Chief when he retired in 2007. He is a veteran having served on active duty in the United States Marine Corps for two years during the Vietnam War in Thailand and Cambodia, and received an honorable discharge. His education includes a Bachelor of Science degree in Fire Service Management from Ottawa University and numerous post-graduate courses and professional achievement certificates.

**7.** Peters was hired by the State DFFM as a Fire Training Coordinator on August 5, 2015.

**8.** In September, 2019, Peters was promoted to serve as the State Fire Marshal for the DFFM pursuant to A.R.S. 37-1361 which states:

> "To promote public health and safety and to reduce hazards to life, limb and property, the office of the state fire marshal is established within the Arizona department of forestry and fire management. The office shall perform its duties by performing inspections and fire investigations, by providing public education and by adopting fire protection codes. The person appointed as assistant director of the office of the state fire marshal shall have extensive experience in the field of fire prevention and fire protection, including administrative experience in such a capacity."

**9.** As State Fire Marshal, Peters has seventeen subordinates who are Assistant Fire Marshals, Deputy Fire Marshals, and the NFIRS State Program Manager, pursuant to A.R.S. 37-1382. Peters and his subordinates are required from time to time to work for the DFFM hours in excess of forty during some work weeks, and all of his subordinates receive overtime wages from the DFFM for such hours in excess of forty in any given week.

**10.** Peters and his subordinates all are engaged full-time (with some overtime) in fire prevention, inspections, International Fire Code on-site enforcement, and fire

Page 4 of 11

investigations, including statewide enforcement of the International Fire Code. A.R.S. 37-1381 supra, A.R.S 37-1383 and A.R.S. 37-1384. Arizona Administrative Code regulation R4-36-201.

**11.** Since September 8, 2019, in order to fulfill his statutory and assigned duties as the State Fire Marshal, Peters has been required to work a total of 355.5 hours which hours were in excess of forty during the week when performed. The Defendants are, and have been, well aware of such overtime work by Peters, and well aware of federal and state laws requiring that he receive overtime pay for such hours worked, and therefore their violation of the FLSA was "willful".

**12.** The Plaintiff's log of his overtime hours worked for the State DFFM as Fire Marshal since September 8, 2019 are attached as Exhibit 1 and incorporated herein by reference infra, pursuant to FRCP Rule 10(c).

**13.** Peters requested that he receive from the Defendants overtime pay for the weeks when he worked for the DFFM in excess of forty hours per week supra, but his requests have been denied or ignored, while the Defendants have given overtime pay to numerous other non-African-American DFFM employees who are engaged in the same or comparable firefighting and law enforcement functions.

**14.** The State has engaged in disparate treatment based upon race, by providing a pay scale for Peters which is significantly less than the pay provided to his peers, particularly when considering his relevant and outstanding qualifications for the Fire Marshal position and the relevant experience and qualifications of those peers who were paid significantly more in wages than Peters.

**15.** The Defendants have waived any immunity or defense of not being subject the FLSA overtime wage requirement in 29 U.S.C. 207(a) with respect to their DFFM employees including Peters because:

A. The FLSA includes *all* employees engaged in firefighting as covered by the overtime pay requirements of 29 U.S.C. 207(a) irrespective of their rank, salary, or

wages (unless the employer has less than five employees). 29 U.S.C. 207(k). 29 C.F.,R 553.200(a). 29 C.F.,R 553.210(a). See also "Fact Sheet #17A", at page 5, published by the U.S. Dept. of Labor, Wage and Hour Division (2019).

(B) The Arizona Legislature has enacted A.R.S. 23-391 and 23-392 which require the State to provide overtime wages to State employees engaged in certain law enforcement; fire prevention, suppression and investigation; and related public safety functions. These two statutes incorporate by reference the FLSA [29 U.S.C. 207(a)]. A.R.S. 23-391(A)(1). A.R.S. 23-392(A).

(C) The Arizona Department of Administration ("ADOA") establishes regulations governing the payment of wages, salaries, and benefits for State employees, which bind State departments including the DFFM. A.R.S. 41-743(B)(3). In 2012 the ASOA enacted and published Arizona Administrative Code regulation R2-5A-404 for State employees titled "Overtime" which, inter alia, (1) incorporates the FLSA overtime requirements in subsecs. A and B, and (2) provides in subsec. D that state employees who would otherwise be exempted under the FLSA from its overtime requirements are nonetheless entitled to FLSA overtime pay if they are either "engaged in law enforcement activities" or "engaged in firefighting activities".

(D) Pursuant to A.R.S. 41-743(B)(3). the ADOA published its "Employee Handbook" for State employees. The current edition presently in force was last revised in April, 2020. At page 14, the Handbook states:

> "Exempt employees, with the exception of those who work in a public safety activity or emergency response activity, do not receive additional compensation for overtime. **Exempt employees** who are full authority peace officers as certified by the Arizona Peace Officers Standards and Training Board and are in a position that requires such certification, or **who are engaged in law enforcement or firefighting activities, receive one hour of additional pay or earn one hour of compensatory leave for each hour of overtime worked.** The method of compensation (pay or compensatory leave) is at the discretion of the agency head."
> (emphasis added)

Peters' DFFM job duties include law enforcement and firefighting activities, including arson investigations, locating the cause and origin of the fire, collecting evidence at a fire scene, preserving that evidence, obtaining Administrative Search Warrants when necessary for access to sites subject to investigation, working collectively at all major sporting events, POTUS visits to the State with the Secret Service, Homeland Security, FBI, ATF, FEMA, and local law enforcement. See A.R.S. 37-1381 supra, A.R.S 37-1383 and A.R.S. 37-1384.

(E) Within the DFFM, the Defendants have established a continuing custom and practice of providing overtime pay for DFFM employees pursuant to both the FLSA and state law, providing such overtime pay to, inter alia, Peters' non-African-American peer and job comparator at DFFM, John Truett, the DFFM AD Fire Programs Manager, and to Peters' subordinate assistant and deputy fire marshals, while he, an African-American DFFM employee has been continuously the denied legally required overtime compensation which was provided to the other DFFM employees.

**16.** As the direct and proximate result of the conduct of the Defendants alleged herein, he has suffered damages including, inter alia, lost overtime wages which he was lawfully entitled to be paid, sadness, humiliation and emotional distress because of the unlawful employment discrimination he suffered because he was denied legally required overtime compensation which was provided to his non-African-American peer at DFFM, John Truett (white or Caucasian race), the DFFM AD Fire Programs Manager, and to Peters' subordinate assistant and deputy fire marshals.

**4. Exhaustion of Administrative Remedies through the EEOC for Count One (Title VII race discrimination in employment)**

17. Based upon the foregoing, the Plaintiff filed a charge of employment discrimination based upon race with the United States Equal Employment Opportunity Commission ("EEOC") on September 19, 2023: EEOC charge # # 540-2023-05578. A true copy is attached as Exhibit 2 and incorporated herein by reference infra, pursuant to FRCP Rule 10(c).

18. On September 25, 2023, the EEOC issued its notice of right to sue for this charge, supra. A true copy of this notice is attached as Exhibit 3 and incorporated herein by reference infra, pursuant to FRCP Rule 10(c).

19. This Complaint is filed on December, 2023, within ninety days of Peters' receipt of the notice of right to sue from the EEOC supra, as calculated pursuant to FRCP Rule 6(a). [See Ortez v. Wahington County, Oregon, 88 F. 3d 804, 807 (9th Cir., 1996).]

### 5. Demand for Trial by Jury

Plaintiff Peters requests a trial by jury on all claims pursuant to the U.S. Constitution Seventh Amendment, FRCP Rule 38, and 42 U.S.C. 1981a(c).

### 6. Verification of Complaint by Plaintiff

Pursuant to 28 U.S.C. 1746, I declare and verify under penalty of perjury that the foregoing allegations are true and correct.

Executed in Phoenix, Arizona this 26th day of December, 2023.

Signed: _____
Cassie Peters Jr.

### 7. Relief Requested

Based upon the foregoing, Plaintiff Allen requests judgment and orders granting him the following relief against the Defendants specified:

[Note: On the date of the filing of this Complaint, Plaintiff Peters has not yet retained counsel for formal representation in this action, but intends to do so. The requests for awards of attorneys fees infra, are presented now so that they may be recoverable if and when counsel is retained.]

### COUNT ONE: 42 U.S.C. 2000e-2(a): Title VII violation – Employment discrimination on the basis of race

[Against the State only]

1. Compensatory damages, pursuant to 42 U.S.C. 1981a(b)

2. Injunctive relief pursuant to 42 U.S.C. 2000e-5(g) including, inter alia, (A) backpay for Peters' hours worked for the Defendants in excess of forty per week as required by the FLSA and/or Arizona law from the date of 300 days prior to the filing of the EEOC charge (attached Exhibit 1, infra) for so long as Peters is employed by the State DFFM as the State Fire Marshal up to and including the date of trial which may be determined by an amended or supplemental pleading pursuant to FRCP Rules 15(a) or 15(d), and (B) enjoining discrimination in eligibility and receipt of overtime pay within the DFFM based upon race.

3. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d), 42 U.S.C. 2000e-5(k), and 42 U.S.C. 1988(b and c)

4. Costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920.

### COUNT TWO: 29 U.S.C. 207(A): Fair Labor Standards Act – failure to pay overtime wages

[Against the State only]

Page 9 of 11

1. Unpaid overtime wages for 301.5 hours at 1.5 times Peters' regular (hourly wage) rate of pay during the period of time when such overtime hours were worked, as listed in Exhibit 1, attached infra, and for future unpaid overtime work for DFFM by Peters as supplemented or added pursuant to FRCP Rules 15(a) and/or 15(d) for overtime work performed after the filing of this Complaint on December 26, 2023.

2. Doubling the sum of unpaid overtime wages due, #1 supra, pursuant to 29 U.S.C. 216(b).

3. Injunctive relief pursuant to 29 U.S.C. 216(b) including, inter alia, (A) payment for Peters' hours worked for the Defendants in excess of forty per week as required by the FLSA and/or Arizona law from the date of entry of judgment for so long as Peters is employed by the State DFFM as the State Fire Marshal, and (B) enjoining discrimination in eligibility and receipt of overtime pay within the DFFM based upon race.

4. Peters' reasonable attorneys' fees and "costs of the action" as provided by 29 U.S.C. 216(b) and FRCP Rule 54(d)

**COUNT THREE: 42 U.S.C. 1983: Violation of Equal Protection clause of the Fourteenth Amendment – Failure to pay overtime wages based upon race and/or other impermissible basis violating equal protection clause**

[For prospective injunctive relief and attorneys' fees against Defendant Torres only, in his official capacity as the State Forester]

1. <u>Prospective</u> injunctive relief pursuant to 42 U.S.C. 1988(a) including, inter alia, (A) payment for Peters' hours worked for the Defendants in excess of forty per week as required by the FLSA and/or Arizona law from the date of the

filing of this Complaint for so long as Peters is employed by the State DFFM as the State Fire Marshal, and (B) enjoining discrimination in eligibility and receipt of overtime pay within the DFFM based upon race.

2. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d), and 42 U.S.C. 1988(b and c)

3. Costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920.

Respectfully submitted this 26th day of December, 2023.

Signed: *Cassie Peters Jr.*
Cassie Peters Jr.
12704 South 175th Drive
Goodyear, AZ 85338-5867
Phone: 602, 300-9139
E-mail: cpetersjr99@yahoo.com
*Plaintiff Pro Se*

### Three Attached Exhibits

1. Plaintiff's overtime hours worked for the State DFFM during the preceding three years (two pages)
2. EEOC charge # 540-2023-05578 (September 19, 2023)
3. EEOC notice of right to sue for charge # 540-2023-05578 (September 25, 2023)

Cassie Peters Jr. v. State of Arizona et al. – Complaint

# Exhibit 1

**Plaintiff's overtime hours worked for the State DFFM during the preceding three years (two pages)**

# Cassie Peters Jr., Fire Marshal, Arizona Dept. of Forestry and Fire Management
## Log of overtime hours (in excess of forty in a week) worked as State Fire Marshal since September 8, 2019

| Date: | Location: | Hours Worked |
|---|---|---|
| **1. Sept 8, 2019** | **State Farm Stadium** | **5** |
| 2. Sept 15, 2019 | State Farm Stadium | 5 |
| 3. Sept 22, 2019 | State Farm Stadium | 5 |
| 4. Sept 29, 2019 | State Farm Stadium | 5 |
| 5. Oct 13, 2019 | State Farm Stadium | 5 |
| 6. Oct 31, 2019 | State Farm Stadium | 5 |
| 7. Dec 1, 2019 | State Farm Stadium | 5 |
| 8. Dec 15, 2019 | State Farm Stadium | 5 |
| 9. Dec 28, 2019 | State Farm Stadium | 5 |
| 10. Jan 25, 2020 | State Farm Stadium | 5 |
| 11. Sept 27, 2020 | State Farm Stadium | 3 |
| 12. Oct 25, 2020 | State Farm Stadium | 3 |
| 13. Nov 8, 2020 | State Farm Stadium | 3 |
| 14. Nov 15, 2020 | State Farm Stadium | 3 |
| 15. Dec 6, 2020 | State Farm Stadium | 3 |
| 16. Dec 7, 2020 | State Farm Stadium | 3 |
| 17. Dec 13, 2020 | State Farm Stadium | 3 |
| 18. Dec 20, 2020 | State Farm Stadium | 3 |
| 19. Dec 26, 2020 | State Farm Stadium | 3 |
| 20. Jan 2, 2021 | State Farm Stadium | 3 |
| 21. Jan 3, 2021 | State Farm Stadium | 3 |
| 22. July 24, 2021 | State Farm Stadium | 3 |
| 23. Sept 8, 2021 | State Farm Stadium | 3 |
| 24. Sept 8, 2021 | State Farm Stadium | 3 |
| **25. Feb 23, 2021** | **Dept. of Corrections** | **4** |
| 26. April 6, 2021 | Dept. of Corrections | 5 |
| 27. April 20, 2021 | Dept. of Corrections | 5 |
| 28. April 26, 2021 | Dept. of Corrections | 5 |
| 29. April 27, 2021 | Dept. of Corrections | 7 |
| 30. May 3, 2021 | Dept. of Corrections | 8 |
| 31. May 4, 2021 | Dept. of Corrections | 5 |
| 32. May 24, 2021 | Dept. of Corrections | 5 |
| 33. Aug 12, 2021 | Dept. of Corrections | 6 |
| **34. Aug 13, 2021** | **State Farm Stadium** | **5** |
| 35. Aug 20, 2021 | State Farm Stadium | 5 |

| # | Date | Location | Hours |
|---|---|---|---|
| 36. | Sep 19, 2021 | State Farm Stadium | 5 |
| 37. | Oct 10, 2021 | State Farm Stadium | 5 |
| 38. | Oct 24, 2021 | State Farm Stadium | 5 |
| 39. | Oct 28, 2021 | State Farm Stadium | 6.5 |
| 40. | Nov 14, 2021 | State Farm Stadium | 6.5 |
| 41. | Dec 13, 2021 | State Farm Stadium | 7 |
| 42. | Dec 25, 2021 | State Farm Stadium | 7 |
| **43.** | **Dec 28, 2021** | **Chase Field Baseball** | 7 |
| 44. | Jan 1, 2022 | State Farm Stadium | 7 |
| 45. | Feb 12, 2022 | State Farm Stadium | 7 |
| **46.** | **April 23, 2022** | **Chase Field Baseball** | 7.5 |
| 47. | May 12, 2022 | State Farm Stadium | 7.5 |
| **48.** | **May 14, 2022** | **Chase Field Baseball** | 7.5 |
| 49. | June 2, 2022 | State Farm Stadium | 7 |
| **50.** | **June 25, 2022** | **Chase Field Baseball** | 7.5 |
| 51. | Aug 21, 2022 | State Farm Stadium | 7 |
| 52. | Aug 30, 2022 | State Farm Stadium | 8 |
| 53. | Sept 11, 2022 | State Farm Stadium | 4 |
| 54. | Sept 25, 2022 | State Farm Stadium | 4 |
| 55. | Oct 9, 2022 | State Farm Stadium | 4 |
| 56. | Oct 20, 2022 | State Farm Stadium | 4 |
| 57. | Nov 6, 2022 | State Farm Stadium | 4 |
| 58. | Nov 27, 2022 | State Farm Stadium | 4 |
| 59. | Dec 12, 2022 | State Farm Stadium | 4 |
| 60. | Dec 25, 2022 | State Farm Stadium | 4 |
| 61. | Dec 31, 2022 | State Farm Stadium | 4 |
| 62. | Jan 15, 2023 | State Capital | 4 |
| 63. | March 12, 2023 | Emmitsburg, MD | 14 |
| 64. | March 25, 2023 | Emmitsburg, MD | 12 |
| 65. | July 29, 2023 | Wilmington, NC | 8 |
| 66. | Sept 8, 2023 | State Fire School | 8 |
| 67. | Sept 9, 2023 | State Fire School | 8 |

**Total 355.5** hours of unpaid overtime

Cassie Peters Jr. v. State of Arizona et al. – Complaint

# Exhibit 2

EEOC charge # 540-2023-05578 (September 19, 2023)

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Agency(ies) Charge No(s):<br><br>540-2023-05578 |

| | |
|---|---|
| **Arizona Attorney General's Office, Civil Rights Division**<br>*State or local Agency, if any* | and EEOC |

| I Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Cassie Peters Jr. | (602) 300-9139 | 1954 |

Street Address

12704 S. 175th Dr

Goodyear, AZ 85338

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ARIZONA STATE OF | 201 - 500 Employees | (480) 714-3017 |

Street Address

The Department of Forestry and Fire Management 1110 W. Washington St, STE 100

PHOENIX, AZ 85007

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 07/17/2023    Latest: 07/17/2023 |
| Age, Race | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by the above Respondent as a Fire Training Coordinator on August 3, 2015. Since then, I was appointed as an Assistant Director-State Fire Marshal, my current position in 2019.

I believe that I have been and continue to be discriminated against because of my race and age. Examples: a. I meet the criteria outlined in Fact Sheet #8: Law Enforcement and Fire Protection Employees Under the Fair Labor Standards Act (FLSA) however, one of my white peers is allowed this compensation, I am not, furthermore denied the ability to be fairly compensated. Another example, I was paid substantially less than my white peers for an extended period of time in the past. b. I have experienced preferential treatment within the agency regarding advocacy for additional equipment and additional personnel to carry out responsibilities per state law. I would like to also include as witnesses my two peers who can verify the preferential treatment within the agency.

I believe I have been discriminated against because of my race, African American and age, 69, in violation of the Age Discrimination in Employment Act of 1967, as amended and Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Cassie Peters Jr.**<br>09/19/2023<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Cassie Peters Jr. v. State of Arizona et al. – Complaint

# Exhibit 3

**EEOC notice of right to sue for charge # 540-2023-05578 (September 25, 2023)**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/25/2023

**To:** Mr. Cassie Peters Jr.
12704 S. 175th Dr
Goodyear, AZ 85338

Charge No: 540-2023-05578

EEOC Representative and email:    JEREMY YUBETA
Enforcement Manager
Jeremy.Yubeta@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2023-05578.

On behalf of the Commission,

_/s/ m.l. c____

For Nancy Sienko
Acting District Director

**Cc:**
Teresa Hernandez
State of Arizona
Department of Forestry & Fire Management
1110 W. Washington St., Suite 100
Phoenix, AZ 85007


Please retain this notice for your records.